### HARISTON et al. v. JARVIS-CONKLIN MORTG. CO.

(Circuit Court of Appeals, Fifth Circuit. June 1, 1897.)

#### No. 585.

TRUSTEE'S SALE—VALIDITY.

Appeal from the Circuit Court of the United States for the Northern District of Mississippi.

The defendants, Marshall Hariston and wife, executed their note for the sum of $5,275, due five years after date, attaching thereto semiannual interest coupon notes. To secure the payment of these notes, they executed a trust deed to the complainant, the Jarvis-Conklin Mortgage Company, upon their plantation. Default having been made, and the trustees named in the trust deed having declined to act, the defendants, under a power contained in the deed, substituted as their trustee one W. A. Smith, who was in their employ. Smith advertised the property for sale, and, on the day of sale, he and defendant Hariston were the only bidders. Smith bid $8,500 for the property, in the name of the Western Investment Company. The Western Investment Company was a corporation distinct from the Jarvis-Conklin Mortgage Company. The evidence showed that Smith had received no instructions from the officers of the Western Investment Company to bid for the land, and that his only instructions came from the officers of the Jarvis-Conklin Company, by whom he was directed merely to see that the property brought the amount of the debt and the costs of sale. The Western Investment Company declined to approve Smith's unauthorized bid, and the Jarvis-Conklin Company thereafter filed this bill to foreclose the trust deed. The defendants filed an answer and cross bill, claiming that the loan was usurious; that the purchase by Smith at the sale was in fact for the complainant, the Jarvis-Conklin Company, and that the Western Investment Company was a mere dummy, controlled by the Jarvis-Conklin Company; that, therefore, complainant had become the owner of the plantation, and owed the defendants the difference between the amount of Smith's bid and the true amount of the debt secured. Accordingly, they prayed for a money decree against the complainant. The material allegations of the cross bill were denied, and proofs were taken in the circuit court. That court entered a decree dismissing the cross bill, because it was not sustained by the evidence, but found that there was usury in the loan, fixed the amount due at $4,502.75, allowed a solicitor's fee, and ordered a sale of the property. From this decree the defendants have appealed.

Wm. C. McLean and W. S. Sullivan, for appellants.
E. D. Saunders and T. M. Miller, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. Considering that the alleged trustee's sale and adjudication were invalid, because of the total want of authority on the part of the trustee to make any bid for, or adjudicate the property to, the Western Investment Company, there is no reversible error in the decree appealed from, and the same is affirmed.